42

ESTATE OF PFISTER: DOLGE and another, Appellants, vs. WRY, Administrator *de bonis non,* and others, Respondents.

*June 5—September 11, 1934.*

For the appellants there was a brief by *McGovern, Curtis & Devos,* attorneys for Dolge, and by *Quarles, Spence & Quarles,* attorneys for Ætna Casualty & Surety Company,

and oral argument by *John J. Devos* and *Howard T. Foulkes,* all of Milwaukee.

*John P. Retzer* of Milwaukee, for the respondent Wry.

*Rudolph L. Forrer* of Milwaukee, for the respondent Helene Pfister; and *Lilian M. Kohlmetz* of Milwaukee, for the respondent Elizabeth Pfister.

For the respondent Schaeffer the cause was argued orally by *Will C. Gobel* of Milwaukee.

The following opinion was filed June 26, 1934:

ROSENBERRY, C. J. * While it was charged throughout the trial and found by the court that the administrator had grossly mismanaged the estate, the effect of the mismanagement or to what extent, if any, the estate sustained a loss by reason of mismanagement, appear not to have been tried. It is the contention of the plaintiffs that the properties at the time of the death of the deceased were heavily incumbered by mortgages, liens, and taxes; that such loss as occurred, occurred by reason of the depreciation in the value of the property and the inability to dispose of it in the condition in which the title was.

As has already been stated the deceased died in February, 1929. Judgment was entered in August, 1933. It is a matter of common knowledge that during that time a very considerable depreciation in the value of real estate occurred throughout the country, yet the court took no account of that fact. The court finds that the estate might have been administered and closed within a year. On the other hand, it is contended on behalf of the administrator that with the full knowledge, consent, and approval of the widow and the sister, the administrator continued to manage the properties in an effort to put them in repair, to increase the income and their desirability to possible purchasers.

The principle laid down in *Will of Leonard, supra,* did not warrant the trial court in charging up the full appraisal

value of the property to the administrator on the day of the final accounting. In that case the executor and trustee had failed to render any account for twelve years, and had intermingled income from funds of the estate with those of his own for over twenty years. That situation does not obtain in this case. The administrator contends that he was prevented from making disposition of the property by reason of the refusal of the sister, Helene Pfister, to join in conveyances. While the sister, Helene Pfister, made a statement upon the trial, and the widow, Elizabeth Pfister, was sworn as a witness, neither appears to have been interrogated with respect to the merits of the controversy. While under the circumstances of this case the trial court seems to have been justified in charging to the administrator the amount of cash which came into his hands, and requiring the administrator to show to what credits he was entitled, that does not warrant the court in charging him with the full appraisal value of the real estate.

It appears, moreover, that the court charged the administrator with the sum of $6,872.76 insurance, which belonged to the widow, Elizabeth Pfister. This appears to have been an arrangement voluntarily entered into between the widow and the administrator. There was no order of court authorizing the administrator to borrow funds, and we are unable to find any proper basis upon which this amount can be charged to the estate. Dolge may be and probably is personally liable, but the amount constitutes no charge against the assets of the estate. Dolge was properly charged with $1,983.42, proceeds of a life insurance policy which by its terms was payable to the estate. He also received as administrator of the estate the proceeds of certain real property standing in the name of the deceased in the state of Nebraska. In that state there was ancillary administration and the net amount collected was $5,970.35. With this

amount the administrator was properly chargeable, as it constituted a part of the estate of the deceased.

As already stated the deceased in part inherited the real property upon which he later placed improvements from his mother. It appears that his sister, Helene Pfister, was in fact the owner of a one-half interest in this real property, although no accounting had been had between the deceased and his sister at the time of his death. Subsequent to the death of the deceased, it was agreed between the sister and the widow that conveyances should be executed so that each of them would be the owner of an undivided one-half interest in the estate. Deeds were so drawn and executed but not recorded. Throughout the proceeding this interest of the sister has been treated as if it were an asset of the estate. If the interest of the sister was a one-half interest in the property of which the deceased died seized, that interest, of course, was not subject to liability for the debts of the deceased unless by way of estoppel. If, on the other hand, the relationship was such that Helene Pfister was a creditor and not an owner, an entirely different legal result would follow. We are unable to determine from the record just what the nature of this interest was. It was apparently treated in the accounting as if the sister were a creditor, although no claim appears to have been filed against the estate. If it was an extrajudicial settlement made between the widow and the sister, and the sister accepted the conveyances from the widow and made conveyances to the widow on the theory that one-half of the residue which remained after administration should belong to each of the parties, a still different result would follow.

In the present state of the record, it is impossible for us to state the account and no attempt will be made to do so. Before the account can be properly stated, three basic facts must be ascertained: (1) The nature and extent of the inter-

est of Helene Pfister in the estate of the deceased; (2) whether or not Elizabeth and Helene Pfister joined with the administrator in a business project which involved an intermeddling with the property of the estate, and if so, to what extent they are chargeable with the consequences thereof; (3) which of the properties, if any, were lost by reason of mismanagement by the administrator. If it should be found that Helene and Elizabeth joined with the administrator in intermeddling with the assets of the estate, the liability of the administrator to them because of that fact may be on a basis quite different from his liability to creditors.

We do not approve or disapprove of the trial court's conclusion with respect to fees, expenses, and attorneys' compensation. The judgment will be reversed, however, so that the matter will be open for reconsideration in the light of the evidence adduced upon a new trial. Except so far as specific items are dealt with in this opinion, the whole matter should be open for reconsideration. The items referred to are the proceeds of the Nebraska property, proceeds of the policy of insurance paid to the widow, and proceeds of the policy of insurance payable to the estate.

We are fully aware that this opinion is tentative and does not deal adequately with the situation, but this is for the reason that the basic facts upon which a final determination must be based are not found. With respect to the liability of the estate for unauthorized loans and expenses incurred in the unauthorized continuance of business, the general principles are stated in 3 Callaghan's Wis. Dig. p. 2478, par. 71; 11 R. C. L. p. 165, §§ 176, 177.

By the Court.—Judgment reversed, and cause remanded for a new trial.

The following memorandum was filed September 11, 1934:

PER CURIAM (on motion for rehearing). On motion for rehearing it is called to our attention that the Nebraska lands

had been in fact assigned to the heirs of the deceased. This fact was not before us in our consideration of the case, and what is said in the opinion with respect to the Nebraska lands and disposition of the funds therefrom, is withdrawn in order that that matter along with other matters indicated in the opinion may be opened for reconsideration and retrial. Motion for rehearing is denied without costs.